**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ITAY GOLAN, *individually and on behalf of others similarly situated*,

Plaintiff,

- against -

KALSHIEX LLC, KALSHI INC., KALSHI KLEAR LLC, KALSHI KLEAR INC., and KALSHI TRADING LLC,

Defendants.

Case No. 26 Civ. 2394 (ER)

ADAM RISCH and YONATAN GLIKSMAN, *individually and on behalf of all others similarly situated*,

Plaintiffs,

- against -

KALSHIEX LLC, KALSHI INC., KALSHI KLEAR LLC, KALSHI KLEAR INC., KALSHI TRADING LLC, and DOES 1 through 50, inclusive,

Defendants.

Case No. 26 Civ. 4734 (ER)

**STIPULATION AND ORDER**

**STIPULATION AND ORDER**

Plaintiffs Adam Risch and Yonatan Gliksman (the "Risch Plaintiffs"), by and through undersigned counsel Novian & Novian, LLP; Plaintiff Itay Golan (together with the Risch Plaintiffs, "Plaintiffs"), by and through undersigned counsel Leeds Brown Law, P.C. and Daniella Levi & Associates, P.C.; and Defendants KalshiEX LLC, Kalshi Inc., Kalshi Klear LLC, Kalshi Klear Inc., and Kalshi Trading LLC (collectively, "Defendants"), by and through undersigned counsel Milbank LLP (Plaintiffs and Defendants together, the "Parties"), hereby stipulate and agree as follows:

1. **Mediation.** The Parties agree to participate in good faith in a private mediation of the claims asserted in the *Risch* and *Golan* actions (the "Mediation"). Within fourteen days of the entry of this Order, the Parties shall meet and confer to select a mutually agreeable mediator. The Parties shall use reasonable efforts to schedule a mediation session to commence within sixty days of the entry of this Order, subject to the mediator's availability. If the selected mediator is not available within that sixty-day period, the Parties may schedule the mediation session on the earliest date on which the mediator and the Parties are mutually available, and doing so shall not constitute a breach of this Stipulation. The mediator's fees and expenses shall be borne equally by Plaintiffs, on the one hand, and Defendants, on the other.

2. **Stay of Proceedings.** The actions are stayed in their entirety for ninety days from the date of entry of this Order (the "Stay Period"). Without limiting the foregoing, during the Stay Period:

   a. All discovery in the actions is stayed, including (i) any deadline to respond to, supplement, or amend responses to any discovery request served in either action, (ii) any obligation to produce documents or information, and (iii) any meet-and-confer or motion practice concerning discovery, except for the provision of Class Information pursuant to Paragraph 4, which the Parties agree is provided solely for purposes of the Mediation and does not constitute discovery;

   b. The Motion to Compel Arbitration (*Risch*, Dkt. 62; *Golan*, Dkt. 23) (the "Motion to Compel Arbitration") and Plaintiffs' request for oral argument on that motion (*Risch*, Dkt. 75) shall be held in abeyance; and

   c. All other deadlines in the actions, including any deadline to answer, move against, or otherwise respond to the complaints, are tolled.

3. **Status Report.** No later than fourteen days before the expiration of the Stay Period, the Parties shall file a joint letter on the dockets of both actions advising the Court of the status of the Mediation, including whether a mediation session has occurred or been scheduled, whether any resolution has been reached, and whether the Parties propose that the stay be extended or, if not, a proposed schedule for further proceedings.

4. **Limited Class Information.** During the Stay Period, and no later than fourteen days before the mediation session, Defendants shall provide Plaintiffs' counsel with limited information, in summary or aggregate form, sufficient to show the approximate scope of the putative class (the "Class Information"). The Parties shall meet and confer in good faith regarding the confidential treatment and form in which the Class Information will be provided. Any information provided shall be anonymized, and Defendants shall not be required to provide customer-identifying information or other personally identifiable information. Likewise, Defendants shall not be required to provide any commercially sensitive or proprietary business information. The Class Information is provided solely for purposes of the Mediation, and shall not constitute an admission or waiver of any objections as to the size or composition of any putative class.

5. **Interim Class Counsel.** Pursuant to Federal Rule of Civil Procedure 23(g)(3), Matthew Novian of Novian & Novian, LLP and Brett R. Cohen of Leeds Brown Law, P.C. are appointed as interim co-lead class counsel to act on behalf of the putative classes in the *Risch* and *Golan* actions, including in connection with the Mediation. This appointment shall not constitute or be construed as a waiver of, or conduct inconsistent with, Defendants' right to compel arbitration of Plaintiffs' claims, a concession that any class may be certified, or a waiver of any objection to class certification or to the adequacy of any proposed class representative or class counsel, all of which are expressly preserved.

6. **Reservation of Rights.** Nothing in this Stipulation, the Parties' participation in the Mediation, Defendants' provision of the Class Information, or the appointment of interim class counsel shall constitute or be construed as a waiver of, or conduct inconsistent with, Defendants' right to compel arbitration of Plaintiffs' claims, or of any other right, defense, or objection of any Party, including Defendants' right to move to dismiss the complaints and Plaintiffs' opposition to the Motion to Compel Arbitration, all of which are expressly preserved. The Parties also agree that this Stipulation shall not be offered or used as evidence of any admission, waiver, or concession by any Party except to enforce its terms.

7. **Expiration of Stay.** Unless the Court orders otherwise, the stay shall lift automatically upon the expiration of the Stay Period. Upon the lifting of the stay, the Motion to Compel Arbitration shall be deemed fully briefed and submitted, without the need for further briefing.

**STIPULATED AND AGREED:**

Dated: November 13, 2026

THE HONORABLE EDGARDO RAMOS
United States District Judge

Dated: November 11, 2026

NOVIAN & NOVIAN, LLP

By: /s/ *Matthew Novian*
Matthew Novian (pro hac vice)
Lauren Woodland (pro hac vice)
Cody Fisher (pro hac vice)
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222
matthew@novianlaw.com
laurenw@novianlaw.com
fisher@novianlaw.com

*Attorneys for Plaintiffs Adam Risch and Yonatan Gliksman*

LEEDS BROWN LAW, P.C.

By: /s/ *Brett R. Cohen*
Brett R. Cohen
134 Mineola Boulevard, 2nd Floor
Mineola, New York 11501
Telephone: (516) 873-9550
bcohen@leedsbrownlaw.com

DANIELLA LEVI & ASSOCIATES, P.C.
Daniella Levi
159-16 Union Turnpike, Suite 200
Fresh Meadows, New York 11366
Telephone: (718) 380-1010
daniellalevi@levilawny.com

*Attorneys for Plaintiff Itay Golan*

MILBANK LLP

By: /s/ *Matthew Laroche*
Matthew Laroche
Tawfiq S. Rangwala
Katherine Kelly Fell
Andrew L. Porter
Sean M. Murphy
Ashley A. Satterlee
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
mlaroche@milbank.com
trangwala@milbank.com
kfell@milbank.com
aporter@milbank.com
smurphy@milbank.com
asatterlee@milbank.com

Joshua B. Sterling (pro hac vice)
1101 New York Avenue NW
Washington, D.C. 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586
jsterling@milbank.com

*Attorneys for Defendants KalshiEX LLC, Kalshi Inc., Kalshi Klear LLC, Kalshi Klear Inc., and Kalshi Trading LLC*